UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKIM ALI-AKBAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL MCDONALD et al.,<br><br>　　　　Defendants. | No. 2:13-cv-0285 TLN DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**28 U.S.C. § 1915(g)**

The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999). In

1

determining whether a dismissal counts as a "strike" under § 1915(g) the reviewing court should carefully evaluate and make an independent assessment of the dismissing court's action and the reasons underlying it.  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013); Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

**DISCUSSION**

Here, plaintiff suffered his first strike for purposes of § 1915(g) on November 9, 2005, when this court dismissed Jones v. Vento, Case No. 1:04-cv-05802 OWW DLB P (E.D. Cal.) for failure to state a claim.  Plaintiff suffered a second strike on March 28, 2007, when this court dismissed Jones v. California Forensics Medical Group, Case No. 1:04-cv-05218 LJO DLB PC (E.D. Cal.) for failure to state a claim.  Finally, plaintiff suffered a third strike on June 26, 2012, when this court dismissed Jones v. California Supreme Court, Case No. 2:11-cv-3048 LKK GGH P (E.D. Cal.) both for failure to state a claim and as frivolous.  Moreover, this court has previously recognized that plaintiff has incurred three strikes for purposes of § 1915(g) in granting a motion to revoke plaintiff's IFP status in another action he filed in this court.  See Hussein v. McDonald, Case No. 2:08-cv-03097 GEB EFB (E.D. Cal. Aug. 1, 2012).[1]

There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007).  In his complaint now before the court, plaintiff complains about an

---

[1] Plaintiff's given name is Fredrick Jones, but he also uses the names Hakeem Abdullah Hussein, Hakim Ali-Akbar, and Hakim Akbar-Jones.

incident involving the alleged use of excessive force, a subsequently-issued prison rules violation charge, property confiscation, and a gang validation all of which took place in 2010.  Plaintiff filed his original complaint in this case in 2013.  Plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he filed this action.  Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection with this action.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) be denied; and

2.  This action be dismissed without prejudice, unless plaintiff pays the full statutory filing fee ($350.00) by the deadline established below for the filing of objections to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 12, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ali0285.56

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28